IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK FLORENCE, SC

2020 AUG 24  P. 1  3: 44

---

*Demetric Hayes*
*Carla Marshall*

_____

*(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

-against-

*Joe Earle Berry, Jr.*
*Phillip K. Stephens*
*Lucas Stephens*

*(Write the full name of each defendant who is
being sued. If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

**Complaint for a Civil Case**

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial:    ☒ Yes    ☐ No
*(check one)*

**RECEIVED**

AUG 24 2020

**FLORENCE, S.C.**

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name _Demetric Hayes + Carla Marshall_

Street Address _P.O. Box 2572_

City and County _West Columbia_

State and Zip Code _South Carolina 29171_

Telephone Number _803-920-4478 / 843-260-9068_

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

Name _Phillip K. Stephens_

Job or Title (if known) _Owner of Stephens Remodeling, LLC_

Street Address _1813 Benjamin Blvd._

City and County _Florence_

State and Zip Code _South Carolina 29501_

Telephone Number _843-229-8796_

Defendant No. 2

Name _Lucas Stephens_

Job or Title (if known) _Representative for Stephens Remodeling LLC_

Street Address _1813 Benjamin Blvd._

City and County _Florence_

State and Zip Code _South Carolina 29501_

Telephone Number _____

Defendant No. 3

Name _Gary Finklea_

2

Job or Title (if known)    *Owner of The Finklea Law Firm*

Street Address    *814 W. Evans Street*

City and County    *Florence*

State and Zip Code    *South Carolina 29501*

Telephone Number    *843-317-4900*

Defendant No. 4

Name    *William H. Edwards*

Job or Title (if known)    *Attorney for @ Moore Taylor Law Firm*

Street Address    *P.O. Box 5709*

City and County    *West Columbia*

State and Zip Code    *South Carolina 29171*

Telephone Number    *803-796-9160*

## II. Basis for Jurisdiction  *★ SEE ADDITIONAL DEFENDANTS ATTACHED*

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[X] Federal question          [X] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

*Section 242 of Title 18 (Deprivation Of Rights Under The Color Of Law) 42 U.S. Code 1983 Title 18 USC Section 241, 6th Amendment, 42 USC 1414 Law Enforcement Misconduct.*

3

**B.    If the Basis for Jurisdiction Is Diversity of Citizenship**

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _Demotric Hayes_ *+ Carla Marshall*, is a citizen of the State of *(name)* _South Carolina_ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _N/A_ , is incorporated under the laws of the State of *(name)* _N/A_ , and has its principal place of business in the State of *(name)* _N/A_ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. *Or is a citizen of (foreign nation)* _____

b.    If the defendant is a corporation

The defendant, *(name)* _JP Morgan Chase_ *Bank N.A.*, is incorporated under the laws of the State of *(name)* _Ohio_ , and has its principal place of business in the State of *(name)* _Ohio_ . *Or is* incorporated under the laws of *(foreign nation)* _N/A_ , and has its principal place of business in *(name)* _N/A_ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

4

3.    The Amount in Controversy    *Exceeds $75,000*

The amount in controversy—the amount the plaintiff claims the defendant
owes or the amount at stake—is more than $75,000, not counting interest
and costs of court, because *(explain)*:

Violation Of Constitutional Rights: Violation
Of Constitutional Rights Under Color
of Law.

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as
briefly as possible the facts showing that each plaintiff is entitled to the damages or other
relief sought.  State how each defendant was involved and what each defendant did that
caused the plaintiff harm or violated the plaintiff's rights, including the dates and places
of that involvement or conduct.  If more than one claim is asserted, number each claim
and write a short and plain statement of each claim in a separate paragraph.  Attach
additional pages if needed.

SEE ATTACHED

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to
order.  Do not make legal arguments.  Include any basis for claiming that the wrongs
alleged are continuing at the present time.  Include the amounts of any actual damages
claimed for the acts alleged and the basis for these amounts.  Include any punitive or
exemplary damages claimed, the amounts, and the reasons you claim you are entitled to
actual or punitive money damages.

Damages to personal property; physical damages
to property; loss of income; theft; emotional
distress, mental anguish; property loss; loss of
enjoyment + Punitive damages.
Personal Property    $15,000,000
All damages total: SEE ATTACHED COMPLAINT
We are asking the courts to grant such other and
further relief as the court may deem just and
proper under the circumstances.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 20 AUG 2020

Signature of Plaintiff

Printed Name of Plaintiff DEMETRIC HAYES / Carla Marshall

### B.    For Attorneys

Date of signing: _____, 2020

Signature of Attorney        _____

Printed Name of Attorney     _____

Bar Number                   _____

Name of Law Firm             _____

Address                      _____

Telephone Number             _____

E-mail Address               _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

UCDC OF RECEIVED
DHRS, SC

2020 AUG 24  P.1 3: 44

| | | |
|---|---|---|
| Demetric Hayes and Carla Marshall | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No: |
| V. | ) | (Jury Trial Demanded) |
| | ) | |
| | ) | |
| Joe Earle Berry Jr.,Philip K. Stephens, | ) | |
| Lucas Stephens, Gary Finklea, | ) | |
| William H. Edwards, Albert J. Dooley Jr., | ) | |
| Mary M. Caskey, James Y. Becker, | ) | |
| Scott D. Whittle, | ) | |
| Stephens Remodeling, LLC | ) | |
| Haynsworth Sinkler Boyd, P.A. Law Firm, | ) | |
| Finklea Law Firm, Moore Taylor Law Firm, ) | | |
| JP Morgan Chase Bank, N.A., | ) | |
| South Carolina County of Lexington, | ) | |
| South Carolina County of Lexington | ) | |
| Sheriff's Department | ) | |

Defendants,

## COMPLAINT
### (Jury Trial Demanded)

COMES NOW THE PLAINTIFF TO COMPLAIN AGAINST THE DEFENDANTS ABOVE
NAMED AND TO SHOW UNTO THIS HONORABLE COURT:

Plaintiff built a single family home at 232 Edinfield Ct. Gaston, South Carolina 29053 in
May 2004 guaranteed by the Veteran Administration. Defendant Joe Earle Berry Jr. of Berry
Quackenbush & Stuart, P.A. Law Firm was the closing attorney. Plaintiff Hayes was told that
the closing documents would be mail to him. Hayes requested numerous of times for several
years the closing documents from Chase Manhattan Mortgage. Hayes never received his
closing documents. Chase Manhattan Mortgage repeatedly sent closing documents with
someone else's name on them and an address in Richland County.

In 2010, Chase Home Finance, LLC allegedly filed a summons and complaint to foreclose on the property located at 232 Edinfield Ct. Gaston, South Carolina. Yet Chase Home Finance, LLC never filed a mortgage assignment. After several hearings in which Chase Home Finance was suppose to present a witness to be cross-examined before Master in Equity James O. Spence, Hayes moved the case to federal court due to the court being partial to Chase Home Finance, LLC, Judge Spence stated that Hayes needed to have a South Carolina licensed attorney to represent him, and not allowing Hayes to speak to defend his property. Hayes attempted to raise defenses with evidence filed into the case file but Judge Spence acted as if he didn't see any documents to include affidavits. Judge Spence stated that my filings could take 30-60 days to show up in case file. On 20 March 2013, the last hearing before Judge Spence, Hayes informed and presented Judge Spence with federal court case number (Case # 3:13-CV-00731-JFA). Hayes several times informed the court and Judge Spence that the case was moved but Judge Spence ignored Hayes and continued to proceed. At that point Hayes informed the court that he would not continue to participate in the hearing. Judge Spence stated at a prior hearing that before he allows a foreclosure case to move forward there are certain requirements that must be met. One of those requirements are assignments.

The problem is the note and mortgage lacked any assignments. Also, Hayes nor Marshall were ever served a summons and complaint. The first and only notice in reference to a foreclosure the plaintiffs received was a notice of hearing. Judge Spence recused himself due to a conflict of interest but not before he rendered a judgment denying Hayes due process under the color of law.

The case was remanded back to state court. Instead of continuing from where the case left off Hayes was denied his constitutional right and opportunity to cross-examine the witness. In 2012, JP Morgan Chase Bank filed a Motion to Substitute Plaintiff. Yet JP Morgan Chase Bank never filed a mortgage assignment. If JP Morgan Chase Bank was a real party of interest, there would have been no reason to file a Motion to Substitute Plaintiff. JP Morgan has never presented any documentation to prove any contractual agreement with Hayes.

On 3 July 2013, Mary M. Caskey and James Y. Becker attorneys from Haynsworth Sinkler Boyd, P.A. Law Firm filed a Motion to appoint Albert J. Dooley Jr. as Special Referee. On 25 July 2013, Hayes filed an opposition to the Caskey's and Becker's motion. Despite Hayes opposition, on 6 January, 2014 a hearing was held before Judge Edgar W. Dickerson and Albert J. Dooley was appointed as special referee. Hayes disagreed with the courts appointment due to Dooley's and Judge Spence work for the same law firm in past years. Also, Dooley had handled countless closings and real estate transaction for JP Morgan Chase Bank, Chase Home Finance, LLC and Chase Manhattan Mortgage causing a conflict of interest. Therefore, Dooley should have never presided over the case. Dooley should have recused himself but he failed to do so. The court failed to appoint another Special Referee. Under South Carolina Code Title 14 Section 14-11-60 Appointment of Special Referee must be agreed upon by both parties.

Special Referee Dooley never considered any of the Plaintiff's defenses. When Plaintiff filed motions asking the court to address issues pertaining to Dooley, the court would not schedule a hearing. Instead, the court allowed Dooley to dismiss the motion which pertained to him. This once again created a conflict of interest.

On 2 November 2015, a foreclosure sale was held by Lexington County Master in Equity Judge Spence (recused). At the sale, Judge Spence asked if there were anyone whom had a property for sale that was not on the foreclosure sale list. Dooley the Special Referee whom presided over the Plaintiff's property case said to Judge Spence," I have a property that not on the list, 232 Edinfield Ct. in Gaston. On 10 November 2015, Dooley executed a Special Referee Title claiming the property was sold to the Secretary of Veterans Affairs for $60,000. The Veterans Administration claims to have no knowledge of payment. Therefore, Dooley deceived the Veterans Administration by submitted documentation claiming Hayes property was foreclosed on when in fact it was not. Plaintiff timely appealed Dooley's decision to the South Carolina Court of Appeals. The court of Appeals could not move forward due to the fact Dooley didn't sign the order until April 2016, five (5) months after he filed the Special Referee Title. After the order was filed, Plaintiff moved forward to refile the appeal with the South Carolina Court of Appeals. Despite Hayes appeal, the court moved forward once again denying Hayes due process under the color of law.

On 19 June 2017, Marshall was served a Notice to Quit Premises from Stephens Remodeling, LLC of Florence, South Carolina. Stephens Remodeling, LLC operates under license #49814 from the South Carolina Contractor's Licensing Board. This license only authorizes Stephens Remodeling, LLC to perform work only in the classification of carpentry, masonry and roofing of general remodeling/ general contractor sector. Attorney William Edwards who represents Stephens Remodeling, LLC has intentionally deceived the courts and made erroneous claims that Stephens Remodeling is a business that is licensed to buy houses and sell or flip them for profit. This is simply not true. Attorney Edwards has stated this on the record several times.  Plaintiffs timely responded to the notice informing the court that neither Hayes nor Marshall knew or had any type of relationship with this Corporation or its representatives Philip K. Stephens and Lucas Stephens. Philip K. Stephens and Lucas Stephens claimed that they purchased Plaintiff's property at a foreclosure sale for JP Morgan Chase Bank N.A. in April 2017. This could not be possible due to the fact that Plaintiff's had a ongoing pending action before the South Carolina Court of Appeals until December 2017. How can JP Morgan Chase Bank own a property that was not foreclosed on when they allegedly quit claim deeded Plaintiff's property to Philip K. Stephens and Lucas Stephens. Philip K. Stephens and Lucas Stephens intentionally unlawfully and illegally used their LLC to shield themselves from liability in order to deprive Plaintiff's of their property.

Attorney Gary Finklea, of the Finklea Law Firm was the law firm who handled the transaction and all of the paperwork for Philip K. Stephens and Lucas Stephens of Stephens Remodeling, LLC. Gary Finklea also represented Marshall's from 2003-2016 and advised Hayes in the past. Therefore, it was a conflict of interest; a violation of attorney/ client relationship and breach of trust to use that information to steal Plaintiff's property. Marshall had spoken over the phone several times and visited Finklea's office twice about Plaintiffs

property. Finklea was aware that Plaintiffs had a active case in Lexington County Courts. Finklea was aware that Plaintiff's property was free of a mortgage or lien. Marshall showed Finklea the deed and title that the closing attorney Joe Earle Berry Jr. of Berry Quackenbush & Stuart Law Firm gave Marshall.

Plaintiffs were not tenants. Plaintiffs were not renter. Plaintiffs were not under a lease of any type. Plaintiffs build said property in 2004 and were the only owners of said property. On 10 July 2017 Plaintiffs attended a hearing at the Swansea Magistrate. But days leading up to the hearing Plaintiffs attempted to file documents into the case file for their defense. The Swansea clerk of court refused to allow Plaintiffs to file documents. Plaintiffs hired a courier to file documents into their case file. Courier was told by Judge Whittle that if he didn't leave, he would have him arrested for trespassing. The courier left and returned the documents back to the Plaintiff. The documents the Plaintiff were attempting to file were documentation to inform Judge Whittle that the Plaintiffs had a active pending case at the South Carolina Court of Appeal which pertained to said property. At the Swansea hearing Hayes informed Judge Whittle that he had move the case to federal courts on the grounds of denial of due process under the color of law. Plaintiffs provided Judge Whittle with the federal case number but he ignored Hayes and Marshall and proceeded to grant Stephens Remodeling, LLC a Writ of Ejectment. Plaintiffs timely appealed Judge Whittle's ruling. Plaintiffs were awaiting a court date from Lexington County Court of Common. Plaintiffs were never granted a court date.

On 22 August 2017 Plaintiffs were out taking care of personal business. Around 1200 hrs when Plaintiffs got back to their vehicle, they had about 18-19 missed calls from their neighbor Jackie. Marshall returned her call immediately. When she answered she was crying hysterically. Marshall asked her why she was crying, "she replied I thought you all were dead!" Marshall replied…" no, we are not dead…you're talking to me." She stated that Plaintiffs home was surrounded and she heard shots. Jackie said that the Lexington County S.W.A.T. team in full gear, and about 15-20 Lexington County Deputy Sheriff's (who all were white (Caucasian), had our house surrounded with guns drawn and they had kicked Pliantiff's door down and was inside. We couldn't believe what she was saying to us. Marshall told her that they were on our way. While in route, Plaintiffs stopped by the news station WLTS-19. Marshall ran into the building to let them know what was happening. Marshall spoke briefly to Darci Strickland. She said that she may not be able to come but she would send someone to our house located at 232 Edinfield Ct. Gaston, South Carolina 29053 ASAP. Plaintiffs left and proceeded to their home.

While in route, Hayes gets a call from a deputy Ken Correll telling him that he is at Plaintiffs home. Hayes asked him why was he at his house and why were they in our house? Correll said that we will talk about it when you get here. He then said that when we get there we need to get out of the vehicle with the right attitude or, we will be arrested for disorderly conduct.

Jackie and Marshall were on speaker phone. Jackie was near Officer Correll when Marshall told Jackie she was going to call the news media. Officer Correll shouted, if the media comes we are going to make them leave. Marshall called 911 at least 4-5 times telling them what

was happening and they said that they didn't see anything in their system that concurred with what Marshall was saying. The 911 operator said that there weren't any officers at the 232 Edinfield Ct. Gaston, South Carolina 29053 address.

When Plaintiffs arrived the street was blocked off with maybe 10-15 Lexington county police cars. There was a huge black military style vehicle which was the S.W.A.T. team parked in Plaintiff's driveway, the rest of the officers vehicles were in front of Plaintiffs house, down the street or backed up in Plaintiffs drive way. Deputies were in Plaintiffs house and in our yard. They were also in my back yard at Plaintiffs storage shed with a drill, drilling holes into the door knob trying to break into it. Lucas Stephens and his crew had already started removing Plaintiff's belongings from inside of the home. Plaintiff's neighbors were not allowed to leave their homes. Plaintiffs get out of the vehicle and asked who was in charge. No one said anything. They just looked at each other. Plaintiffs asked several more times, who was in charge. Finally, Deputy Ken Correll stepped forward and said, I guess I'm kinda of running the show. When the news media arrived the Lexington County Sheriff's Department made them leave.

Hayes asked Deputy Correll again, why are you at my house and he said that they were there to put us out because we haven't paid our rent and that the landlord wants you out. Plaintiffs immediately replied, "What landlord?" We don't have a landlord. You need to tell us something better than that. Correll says, I'm here with the owner. Plaintiffs replied, "We are the owners. You're talking to the owners". Officer Correll and a officer whom had a badge hanging around his neck, was in civilian clothing with a goatee looked at each other. Hayes asked Deputy Correll several times for a search warrant. Hayes also asked several times, for the guy that says he owned the property documentation. Deputy Correll finally replied that he was there on a judge's order. Hayes asked for that order but Correll didn't have anything to show him. None of the officers that were there had any paper work to show the Plaintiffs. **NO ORDER, NO SEARCH WARRANT, NO DOCUMENTS TO SHOW.** In the meantime, Lucas Stephens and 3 other individuals who fraudulently claiming to be our landlord, continued to remove our belongings. Hayes started up the drive way to go into the house to get documents to show that they appealed the Magistrate's decision and was awaiting a court date. That would prove that neither Lucas Stephens nor the Lexington County law enforcement had any right to be doing with they were doing. Hayes and Marshall was immediately surrounded by 6-8 officers and a couple of them put their hand on their guns. We in no way showed any threat to anyone there. Demetric then asked if he could I go into the house to get the documents to prove they wasn't supposed to be there. Correll said no. Demetric asked to be escorted into the house. He was told no. We then asked officer Correll if he would go inside the house to get the briefcase and still refused. He again said they were here on the judge's order. I again asked for that order and search warrant. He failed to produce anything.

Plaintiffs had to sit under duress from the Lexington County Sheriff's Department from around 1300 hrs to 2225 hrs that day/night and subjected to watching these strangers throw out everything they owned and have worked hard for over the years, be thrown out like it was trash and as if they were animals. You will never know how that felt for us...Plaintiffs suffer daily and have nightmares to this day and so much anxiety when thoughts of how they were

treated. Plaintiffs are under so much stress right now while reliving this trying to convey in this complaint what occurred on that dreadful day of 22 August 2017. Plaintiffs lives are forever changed by this catastrophic chain of events. Because of what happened to , Hayes and Marshall there are a lot of legal and personal documents missing that we wanted to secure but was denied the opportunity to do so. They broke up our very valuables furniture like mirrors, vases, pictures, tables and everything that they possibly could. They took apart our bedroom sets, destroying them in areas that prevented us from using them and didn't give us the bolts and screws. Therefore, they were useless to us. A lot of our clothes and shoes were damaged due to getting wet from the rain. All of Plaintiffs coats and jackets were damaged beyond repair due to mold that occurred from the rain. Our mattresses had to be thrown away. Plaintiffs are missing a lot of valuable belongings including crystal chandeliers, ceiling fans, porcelain light fixtures, laptops, I-pads, and jewelry ect.. Hayes hearing aid, sleep app machine and medications were missing .Keys to our vehicles are missing as well as many other very important valuable items.

These crimes were orchestrated by attorney William Edwards of Moore Taylor Law Firm and Philip K. Stephens and Lucas Stephens. They were fully aware that Plaintiffs had a active litigation case at the South Carolina Court of Appeals. That is the reason why they filed a frivolous Notice to Quit in the magistrate court in Swansea, South Carolina. They were well aware that we had appealed Judge Whittle's decision and was waiting on a court date in the Lexington County Court of Common Pleas. Instead, Attorney Edwards intentionally ignored the law and unlawfully executed a illegal and unlawful eviction.

Attorney William Edwards in turn filed a frivolous summons and complaint **(Case #2017cp3203043) trespassers, intentional interference with contract, frivolous civil proceeding, abuse of process, malicious prosecution, and civil conspiracy. Attorney Edwards is seeking a malicious prosecution. Lexington County court knows this. Yet, they have allowed these fraudulent claims to processed on.** On 9 September 2017 we filed **Case # (2017cp3203043/ 2017LP32745).** On 22 September 2017, we moved case to Federal Court. On 5 April 2018 case was remanded back to state court. On 7 May 2018 an Affidavit Rebuttal Response to Lucas Stephens Affidavit on Behalf of Stephens Remolding, LLC was filed. On 11 May 2018, an order of Cancellation of the Lis Pendens was filed. On 5 June 2018, Appellants filed a Notice of Appeal to the South Carolina Court of Appeals.

Hayes is a veteran of the United States Army and has a hearing loss. He had a hearing aid that was in the house that he wanted to get out along with his C-PAT machine, which Hayes referenced earlier... that he sleeps with. These are items that were issued by the Veterans Affairs. Hayes were told by the Veterans Affairs that in order to have these items reissued or replaced, they would need a police report from the Lexington County Sheriff's Department. Plaintiffs attempted on several occasions to have a report taken over the phone or have an officer to meet us but they refused to do so. Plaintiffs later found out that Lexington County created their own report, never taking a report from the Plaintiff but referring to us as public nuisance and trespassers, with all lies as to what occurred on 22 August 2017. Plaintiffs were told by our neighbor Jermaine Jackson that when he asked Lucas Stephens why were there so many law enforcement called out, Lucas Stephens boastfully told him that he went down to the Sheriff's Department and talked to Sheriff Koon himself, lied and told him that we were

foreigners, we were sovereign citizens, not from this county, and we belonged to a group that kill police officers. THOSE LIES COULD HAVE GOTTEN US KILLED!!

**We are not foreigners. We are not sovereign citizens. We don't belong to any group what so ever. We are law bidding, taxpaying Americans.** The Stephens and their attorney William Edwards has slandered our names throughout our community and has damaged us greatly. Plaintiffs has suffered immensely, to include physically, mentally, financially and emotionally. We have lost friends. Family members have questioned our character when they have never done that before. Maershall have been ran off of the road by an off duty Lexington County deputy. The reason why we know it was an off duty officer was because a lady witnessed what happened and told Marshall she saw his uniform. Marshall and the lady both called 911. Then Marshall was transfer to a Lexington county 911 operator, she asked for my name and Marshall gave it. She then asked me the reason for my call. Marshall explained what happened. She then told me to hold on which was for about 1 1/2 -2 minutes. She came back to the phone and asked what is your location. Marshall told her and she said that she would be sending an officer to the location. Marshall waited for about an hour. No one ever showed up to take a report.

Marshall have contacted Lexington County Sheriff's Department asking to speak to Sheriff Koon. Marshall was redirected to Regina Crawford on March 16, 2019. Mrs. Crawford stated that she would take my information but doubted that Sheriff Koon would return my call. I explained the situation to her and she replied that she had no knowledge of this taking place and said that she would check into it and give me a call back, however she didn't. Plaintiffs have also contacted the Mayor of Lexington and no response. We contacted Robert Singleton of the Internal Affairs Division in Lexington on 23 August 2017. The conversation was very unprofessional and very rude. He stated that the officers were well within their right to break into our home and do whatever they wanted to do without a search warrant or any documentation. He stated that we could file a complaint but he wasn't going to do anything about it. After several unsuccessful attempts to get the Sheriff's Department to take a report, we later found out that they filed their own report which was totally bogus and flat out lies.

Therefore, Hayes and Marshall filed their own police report. After a few months they went to the records room to get a copy of the report and were told there wasn't a report. Marshall and Hayes meet with Robert Singleton of Internal Affairs of the Lexington County Sheriff's Department on the same day, he had a very aggressive approach and tried to discredit everything we said. He stated that he was handling Sheriff Koon's complaints. It was obvious that he was told a different version than the actual true. At the end of our meeting he stated that we weren't present on 22 August 2017. When we informed him in fact we were present, he was shocked. When the very ones who took an oath to uphold the law, uses their position and power to break the law and in turn conspire to cover-up their wrong doing. Who do we turn too.

On 7 May 2018 a hearing for the Plaintiff's Motion to Cancel Defendant's Lis Pendens (case# 2017cp3203043) was held in Lexington county Court of Common Pleas with Judge Jocelyn Newman presiding. This hearing was not intended for us to attend due to the fact that we were never given notice of the hearing. Neither the courts nor the attorney on record

William Edwards (Moore Taylor law firm) served notice. We periodically check the courts schedule and notice the hearing. There is a notice in the case file which reflects that a notice was mailed to 232 Edinfield Ct. Gaston, South Carolina 29053 sometimes around April 12-14 2018 but we have yet to receive that notice. This is the address we were unlawfully evicted from and had our mail forwarded. The courts and Attorney Edwards were well aware of this do to the fact; Attorney Edwards has served us mailings at our forwarded address in the past.

As a matter of fact, we recently received mail from him at our current mailing address. Therefore, under South Carolina Rules of Civil Procedure Rule 4, he failed to serve us notice. Attorney William Edwards opening statement was that we are sovereign citizens. Plaintiffs objected immediately but Judge Newman instructed us to not say anything. It is our right to object to anything said that it not true. This is a perfect example of what he and his client has done to taint the court, paint a false picture and defame our character. All of this was intended for us not to attend the hearing. When we brought this up to Judge Newman, she completely ignored what we said. We presented to Judge Newman the Notice of Appeal that was filed on the same day of the hearing in Swansea Magistrate court. Yet the Notice of Appeal wasn't in the case file. This is the proof that we were denied due process and typical of what we have had to deal with throughout this process when dealing with the Lexington County Court system.

We were waiting on a court date from the Court of Common Pleas. Judge Newman ignored this evidence as well. Judge Newman continued to ask what does that has to do with the Lis Pendens. She never asked Attorney Edwards to explain or questioned him about any of the evidence we presented. She ruled to have the Lis Pendens removed without hearing our counterclaim (filed in Federal Court) that supported the Lis Pendens. The counterclaim was remanded back to state therefore; it along with the Plaintiff's lawsuit against us has to be heard before you can just remove the Lis Pendens. Because we are always the last case to be called every time we appear in court, we observe during this hearing how she conducted herself prior to our case being called. However, she totally changed from professional to very unprofessional and displayed conduct unbecoming of a judge. We are fully aware that what we presented to the courts should have been addressed properly under South Carolina law. But, instead she disregarded the fact that many laws were broken by the plaintiff and its attorney William Edwards. Judge Newman then rushed from the courtroom shouting and making rude gestures as she left. After the hearing Plaintiffs found out that Stephens Remodeling sold our property prior to the removal of the Lis Pendens. That is the reason neither Lexington County courts nor attorney William Edwards ever gave notice of a hearing for that day. If we didn't appear, we couldn't challenge the removal. We were scheduled for a Roster Meeting on 21 September, 2018 at 10am, for case # 2017-cp-3203043 (trespassers, intentional interference with contract, frivolous civil proceeding, abuse of process, malicious prosecution, and civil conspiracy). A hearing was set for the week of 24-28 September, 2018.

The courts had scheduled mediation between the corporation and us but, it was not the corporation whom filed a fraudulent claim. It was not the corporation that lied on us, defamed our character and damaged us. It was not the corporation whom unlawfully trespassed, stole and broke up our personal property. We did not participate in the mediation

because we have the right to face our accuser. The corporation cannot speak nor can it ask or answer questions. Philip and Lucus Stephens are using Stephens Remolding, LLC to shield themselves from liability of unlawful and illegal activities.

How can this be happening? How was a Notice to Quit allowed to be filed when there was never a landlord/tenant relationship between the two parties? How is it possible to for a attorneys to be able to make fraudulent claims that has damaged us and nothing is done about it? This whole ordeal has turned our lives upside down. Strange vehicle have sat across the street watching us. When we attempted to approach the vehicles they drove off. We have been followed. We have gotten death threaten phone calls nothing has been done about it. None of these things were happening until what happened on 22 August 2017.

We have exhausted every administrative and legal means to bring remedy to this matter. We have sought legal counsel. Plaintiffs have filed complaints only to be told that their office do not handle those types of things. Every attorney we have consulted with said that this matter is too messy and they don't want to get involved or they have to practice law in that court. Lexington County courts with the help of Lexington County Sheriff's Department has conspired with the above listed Defendants to violate Plaintiff's civil and constitutional rights and to deprive the Plaintiff's of their property under the color of law.

When this property at 232 Edinfield Ct. Gaston, South Carolina 29053 was put into HEART TO HEART Trust it was free of any mortgages, liens or encumbrances.

Demetric Hayes

Carla Marshall

# ADDITIONAL DEFENDANTS

Defendant No. 5

Albert J. Dooley Jr.
Special Referee/ Owner of Dooley Law Firm, PA
218 E. Main St.
Lexington
South Carolina 29072
8033592547

Defendant No. 6

Mary M. Caskey
Attorney for Haynsworth Sinkler Boyd, P.A. Law Firm
1201 Main St, 22nd Floor
P.O. Box 11889
Columbia
 South Carolina (29211-1889)
80377930380

Defendant No. 7

James Y. Becker
Attorney for Haynsworth Sinkler Boyd, P.A. Law Firm
1201 Main St, 22nd Floor
P.O. Box 11889
Columbia
 South Carolina (29211-1889)
80377930380

Defendant No. 8

Scott D. Whittle
Lexington County Magistrate, District 4
500 Charlie Rast Road
Swansea
South Carolina 29160
8037856250

Defendant No. 9

Stephens Remodeling, LLC
Corporation
1813 Benjamin Blvd.
Florence
South Carolina 29501
8432298796

Defendant No. 10

Haynsworth Sinkler Boyd, P.A. Law Firm
Law Firm
1201 Main St, 22nd Floor
P.O. Box 11889
Columbia
 South Carolina (29211-1889)
80377930380

Defendant No. 11

Finklea Law Firm
Law Firm
814 W. Evans St.
Florence
South Carolina 29501
8433174900

Defendant No. 12

Moore Taylor Law Firm
Law Firm
P.O. Box 5709
West Columbia
South Carolina 29171
8037969160

Defendant No. 13

JP Morgan Chase Bank, N.A.
Corporation
1111 Polaris Parkway
Columbus
Ohio 43240
18773024273

Defendant No. 14

Joe Earle Berry Jr.
Attorney for Berry Quackenbush & Stuart
1122 Lady St. Ste, 500
Columbia
South Carolina 29201
8037792650

Defendant No. 15

South Carolina County of Lexington
Corporation
212 South Lake Drive
Lexington
South Carolina 29072
8033598000

Defendant No. 16

South Carolina County of Lexington Sheriff's Department
Corporation
321 Gibson Rd.
Lexington
South Carolina 29072
8037858230

### III Statement of Claim:

**Philip K. Stephens** is the owner of Stephens Remodeling, LLC who used his llc to deprive Plaintiffs of their property

**Lucas Stephens** is the son of Philip Stephens. He was spearheading the illegal eviction. He told the Lexington County Sheriff's Department that we were foreigners, we were not from this country and we were a part of a group that kill police officers.

**Attorney Gary Finklea** is the attorney who did the paperwork for Stephens Remodeling, LLC. He also was Carla's Attorney for 14 years. We consulted with Finklea about the house situation and he knew we didn't have a mortgage nor lien on our property.

**The Finklea Law Firm** is the law firm that Gary Finklea owns and represents.

**Swansea Magistrate (Lexington, SC) Scott D. Whittle** was the judge that locked the courts door and would not allow us or the courier to file paperwork in our case file. He ignored the fact that we had an ongoing case about our property at 232 Edinfield Ct. Gaston, SC in the higher court of Lexington county Court Of Common Pleas. Also, Magistrate Judge Whittle ignored the fact that we moved our case to federal court because of his and his court's unethical practices.

**JP Morgan Chase Bank, N.A.** has claimed to be the real party of interest. Also, JP Morgan Chase Bank, N.A. is alleged to have owned and sold said property to Stephens Remodeling, LLC in April 2017. There was a active litigation in the South Carolina Court of Appeals until December 2017. There have never been any assignments filed in regards to this property.

**Joe Earle Berry Jr. of Berry Quackenbush & Stuart, P.A. Law Firm** was the closing attorney who never gave Hayes the closing documents. He also had the title to the property in his possession.

**The Haynsworth Sinkler Boyd, P.A. Law Firm** was the law firm allegedly represented JP Morgan Chase Bank.

**Mary M. Caskey of The Haynsworth Sinkler Boyd, P.A. Law Firm** personally appeared and made fraudulent claims. Also, conspired with Stephens remodeling to steal our property.

**James Y. Becker of The Haynsworth Sinkler Boyd, P.A. Law Firm** personally appeared and made fraudulent claims. Becker presented a fraudulent note and mortgage to Special Referee Dooley. Also, conspired with Stephens remodeling to steal our property.

**Attorney Albert J. Dooley Jr. (Special Referee)** was appointed to preside over the foreclosure case but should have recused himself because he had done several closing and other real estate transactions for JP Morgan Chase Bank and its affiliates. Albert J. Dooley and Judge James O.

Spence (Lexington County Master -in- Equity) worked for the same law firm in 1985. Therefore, he was bias because Judge Spence had to recuse himself due to a conflict of interest. In 2015 he also signed off and dismissed motions that we filed to remove him as special referee. He moved forward to auction off our property even though we had filed an appeal with the South Court of Appeals. Albert J. Dooley ignored appeal and forwarded fraudulent documents to the Veterans Administration.

**Attorney William Edwards of Moore Taylor Law Firm** who represents Stephens Remodeling, LLC has intentionally deceived the courts and made erroneous claims that Stephens Remodeling is a business that is licensed to buy houses and sell or flip them for profit.

**Moore Taylor Law Firm** is the law firm that represents Stephens Remodeling, LLC.

**South Carolina County of Lexington** denial of due process under the color of law. Denied right to cross-examine witness by court, violation of civil and constitutional rights by Sheriff's Department.

**Stephens Remodeling, LLC** of Florence, South Carolina. Stephens Remodeling, LLC operates under license #49814 from the South Carolina Contractor's Licensing Board. This license only authorizes Stephens Remodeling, LLC to perform work only in the classification of carpentry, masonry and roofing of general remodeling/ general contractor sector. Stephens Remodeling claims to have brought our property from Chase.

**South Carolina County of Lexington Sheriff's Department** officer Ken Correll, S.W.A.T. team and 10-15 Lexington County deputies unlawful and illegally entered our property without search warrant or any documentation.

Carla Marshall

Demetric Hayes

**IV. Relief (cont).**

Lexington County court has continue to ignore the fraudulent claims made by Stephens remodeling, LLC and attorney William Edwards. We have attended two hearings in early 2020 pertaining to case # 2017CP3203043. The first was on 18 February 2020 before The Honorable Judge Walton J. McLeod IV. After 45 min of testimony Judge McLeod recused himself. The second hearing was on 16 March 2020 at 10:00 am before The Honorable Judge Keesley. We appeared for the hearing. Judge Keesley stated that our case number was not on the docket. Yet we received documentation from the courts that we were on the docket. We went to the clerk's office and spoke with the intake clerk. She stated that attorney Edwards filed a Motion for Continuance. We never received it in the mail nor is it recorded in the case file.

We are now scheduled for a hearing on 31 August 2020 before Judge Hayes.

Also, we pray that this honorable court sanction and discipline all parties involved.