IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Demetric Hayes and Carla Marshall ) | C/A No.: 3:20-3039-SAL |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| Joe Earle Berry, Jr.; Phillip K. Stephens; ) | |
| Lucas Stephens; Gary Finklea; William H. ) | |
| Edwards; Albert J. Dooley, Jr.; Mary M. ) | |
| Caskey; James Y. Becker; Scott D. Whittle; ) | **OPINION AND ORDER** |
| Stephens Remodeling, LLC; Haynsworth ) | |
| Sinkler Boyd, P.A. Law Firm; Finklea Law ) | |
| Firm; Moore Taylor Law Firm; JP Morgan ) | |
| Chase Bank, N.A.; County of Lexington; ) | |
| and Lexington County Sheriff's Department,) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges (the "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). [ECF No. 5.] Plaintiffs, proceeding *pro se*, assert claims relating to the foreclosure of a property located in Gaston, South Carolina. [ECF No. 1.] The Report finds this court lacks subject matter jurisdiction over Plaintiffs' claims because they have failed to demonstrate complete diversity of citizenship under 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331. [ECF No. 5 at 1-2.] The Report recommends dismissal of Plaintiffs' complaint without prejudice. *Id.* Plaintiffs filed an objection to the Report, ECF No. 12, and this matter is ripe for ruling. For the reasons outlined below, the court adopts the Report as modified and dismisses this action for lack of subject matter jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth in detail the relevant facts and standards of law on this matter. [ECF No. 5 at 2-7.] This court incorporates those facts and standards without a recitation.[1]

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination only of those portions of the report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n

---

[1] Plaintiff did not specifically object to the Magistrate Judge's recitation of the factual background or legal standards.

the absence of *specific* objections … this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## ANALYSIS

The court must liberally construe *pro se* pleadings, holding them to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Services*, 901 F.2d 387, 390-91 (4th Cir. 1990).

Plaintiffs argue this court has federal question jurisdiction under 28 U.S.C. § 1331 because the Defendants deprived them "of [their] rights or privileges protected by the Constitution or laws of the United States … in violation of federal law" under 42 U.S.C. § 1983. [ECF No. 12 at 1-2.] Specifically, Plaintiffs object to the Report's failure to address their claims made against Albert J. Dooley, Jr. in his capacity as special referee[2] and Scott D. Whittle in his capacity as a county magistrate[3] (collectively, "the Judicial Defendants"). Plaintiffs make no other objections to the Report. The court agrees that the Magistrate Judge failed to address these claims. However, Plaintiffs have failed to show the Judicial Defendants are not immune from 42 U.S.C. § 1983 liability under judicial immunity.

Judges have immunity from a claim for damages arising out of their judicial actions. *See Mireless v. Waco*, 502 U.S. 9, 11 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985); *Boseman v. Walsh, et al.*, No. 3:22-1482-TLW, 2022 WL 16744736 at *1. For Plaintiffs to establish the

---

[2] Once a matter is referred, the special referee has the same power and authority as a state circuit court judge sitting without a jury would have in a similar matter. *See* S.C. R. Civ. P. Rule 53(c) (*citing* S.C. Code Ann. § 14-11-60).
[3] "Magistrates are judicial officers, and are thus entitled to absolute immunity under the same conditions as judges." *King v. Myers*, 973 F.2d 354 (4th Cir.1992).

3

Judicial Defendants are not shielded by this immunity they must show (1) the judges' actions were undertaken in the clear absence of all jurisdiction and (2) the acts were not judicial acts. *See King v. Myers*, 973 F.2d 354, 356-57 (4th Cir. 1992). Plaintiffs offer no evidence to suggest that either Judicial Defendant acted outside the scope of his jurisdiction or that the actions were not judicial in nature. Therefore, Plaintiffs have failed to establish liability under § 1983 against Defendants Dooley and Whittle.

A federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") Plaintiffs have failed to show any valid basis for jurisdiction in this case. Therefore, the case must be dismissed.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds Plaintiffs have failed to establish a valid basis for this court's jurisdiction, adopts the Report, ECF No. 5, and incorporates the Report by reference herein. The court adopts the Report as modified to the extent it dismisses Plaintiff's claims against Defendants Joe Earle Berry, Jr.; Phillip K. Stephens; Lucas Stephens; Gary Finklea; William H. Edwards; Mary M. Caskey; James Y. Becker; Stephens Remodeling, LLC; Haynsworth Sinkler Boyd, P.A. Law Firm; Finklea Law Firm; Moore Taylor Law Firm; JP Morgan Chase Bank, N.A.; County of Lexington; and Lexington County Sheriff's Department. The court further dismisses the action against Defendants Albert J. Dooley, Jr., and Scott D. Whittle for lack of subject matter jurisdiction due to those Defendants' judicial immunity from claims brought under 42 U.S.C. §

1983. As a result, this action is **DISMISSED** without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**

November 21, 2022
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge